UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND L. STRONG,

        Petitioner,

v.                                                       Case No: 6:17-cv-353-Orl-37KRS

WARDEN, VOLUSIA COUNTY JAIL,

        Respondent.
_____/

**ORDER**

This cause is before the Court on the Amended Petition for Writ of Habeas Corpus (Doc. 4) (the "Amended Petition") filed by Petitioner, who is a pretrial detainee at the Volusia County Jail and proceeding *pro se*. Petitioner has brought the Amended Petition under 28 U.S.C. section 2241. For the reasons set forth herein, the Amended Petition is denied without prejudice.

Petitioner alleges that the State Attorney's Office and the Attorney General's Office have committed certain wrongdoings during his underlying state criminal proceedings. He requests that he be "discharge[d] from custody." (Doc. 4 at 8).

Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004). "Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement." *Harvey v. Corbin*, No. CV311-074, 2011 WL 4369828, at *2 (S.D. Ga. Aug. 12, 2011). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he made a "fair

presentation" of the federal claims to the state courts.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated.  See *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

Here, Petitioner has indicated that he has not exhausted his claims.  Instead, he has petitioned directly for this Court's intervention. This Court lacks the authority to resolve Petitioner's pretrial issues because the Florida courts have not yet been given the fair opportunity to do so.  Further, Petitioner has failed to allege state court remedies are unavailable or that such remedies are ineffective.

The Florida state courts have adequate and effective state procedures for review of Petitioner's constitutional claims either before trial or in the event he is convicted of the charges presently pending against him.  Petitioner presents no other argument which would warrant federal court interference in the normal functioning of the state's criminal processes.[1]  Federal habeas relief should not be used as a "pretrial motion forum for state prisoners."  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 493 (1973).  As such, Petitioner failed to exhaust his federal claim in the state courts, and he is procedurally barred from asserting it on federal habeas review.  After exhausting available state remedies, Petitioner may pursue federal habeas proceedings.  As a result, the Amended Petition is dismissed without prejudice.

---

[1] Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright,* 714 F.2d 1495, 1503 (11th Cir.1983).

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED without prejudice**.

2. This case is **DISMISSED without prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

5.  Petitioner Motion to Proceed In Forma Pauperis (Doc. 5) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on March 20th, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 3/20